IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION



FILED

July 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID PALMER, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9608-CR-00311 |
| | ) | |
| | ) | Loudon County |
| v. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

A. Wayne Henry
322 Grove Street
P.O. Box 366
Loudon, TN 37774-0366

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
          and
Clinton J. Morgan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles Hawk
District Attorney General
          and
Roger Delp
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The petitioner, David Palmer, appeals as of right from the trial court's summary dismissal of his second petition for post-conviction relief. The trial court dismissed the petition on various grounds, including the petition's failure to state a claim for relief that had not been waived or previously determined. The sole issue for our review is whether the trial court erred by dismissing the petition. We conclude that it did not.

In 1987, the petitioner was convicted of aggravated rape and joyriding. As a Range II, especially aggravated offender, he received concurrent sentences of forty and two years, respectively. On May 11, 1990, the petitioner filed his first petition for post-conviction relief alleging that he received ineffective assistance of trial counsel. The trial court granted the petitioner a delayed appeal but concluded that the petitioner failed to demonstrate that his counsel was otherwise ineffective. This court affirmed the petitioner's convictions on the delayed appeal and also affirmed the denial of post-conviction relief. State v. David Palmer, Nos. 03C01-9303-CR-00076, 03C01-9303-CR-00077, Loudon County (Tenn. Crim. App. Apr. 7, 1994); David Palmer v. State, No. 03C01-9303-CR-00079, Loudon County (Tenn. Crim. App. May 20, 1994), app. denied (Tenn. Sept. 12, 1994).

The petitioner filed the present petition on July 6, 1995. The petition alleges that trial counsel was ineffective and that the petitioner's convictions violate due process because the jury was given an instruction equating moral certainty with reasonable doubt. The trial court concluded that the issue concerning the effectiveness of trial counsel was previously determined, see T.C.A. § 40-30-206(g), and that the petitioner's challenge to the jury instruction was waived because he failed to present it

in his first post-conviction petition, <u>see</u> T.C.A. § 40-30-206(g).  We agree with the trial court's conclusions.[1]

In consideration of the foregoing and the record as a whole, the judgment of the trial is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Curwood Witt, Judge

---

[1] We also note that we have repeatedly upheld the constitutionality of the reasonable doubt instruction that the petitioner challenges.  <u>See</u> <u>State v. Sexton</u>, 917 S.W.2d at 266; <u>Pettyjohn v. State</u>, 885 S.W.2d 364, 366 (Tenn. Crim. App.); <u>State v. Hallock</u>, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993); <u>see</u> <u>also</u> <u>Nichols v. State</u>, 877 S.W.2d 722, 734 (Tenn. 1994).